UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACY BARBER,

                              Plaintiff,

v.                                                          3:11-CV-1100
                                                            (GTS/DEP)

UNITED STATES OF AMERICA,

                              Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

TRACY BARBER
  Plaintiff, *Pro Se*
189 Pearl Street
Corning, New York 14830

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this pro se civil rights action filed by Tracy Barber ("Plaintiff") against the United States ("Defendant") pursuant to 18 U.S.C. § 242, is the Report-Recommendation of United States Magistrate Judge David E. Peebles recommending that Plaintiff's Complaint (filed on September 16, 2011) be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute this action. (Dkt. No. 7.) Despite having been notified of her right to file an Objection to the Report-Recommendation, Plaintiff has not done so, and the deadline for the filing of such an Objection has expired. (*See generally* Docket Sheet.)

        After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, the Court concludes that the Report-Recommendation is free

of any clear error.  (*See generally* Dkt. No. 7.)[1]  Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id.*)  Indeed, Magistrate Judge Peebles' thorough and correct Report-Recommendation would survive even a *de novo* review.  (*Id.*)[2]  As a result, the Court adopts the Report-Recommendation for the reasons stated therein.  (*Id.*)

The Court would add only four brief points.  First, generally, durations of four months are sufficient to weigh in favor of dismissal for failure to prosecute.  *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).  Here, the Court finds that the duration of Plaintiff's failure to prosecute is approximately four months, having begun on January 16, 2012, when she failed to either file an affidavit of service for Defendant or submit a status report concerning her efforts to accomplish service.  (*See generally* Docket Sheet.)

Second, the prejudice posed to Defendant by Plaintiff's failure to prosecute is exacerbated somewhat by the age of the case (which arises from events allegedly occurring as far back as 2009) and the number of events giving rise to the case.  Under the circumstances, a further delay

---

[1] When *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[2] When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

may well affect the memories of the numerous parties (and presumably witnesses) in the case, the ability to locate witnesses, and the preservation of evidence (particularly documentary evidence regarding the housing sale in question). *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

Third, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.  It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases.

Fourth, and finally, the Court has carefully considered sanctions less drastic than dismissal, and has found them to be inadequate under the circumstances, especially given the blatant nature of Plaintiff's disregard for the Orders of this Court.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**.

The Clerk's Office is directed to enter judgment and close this action.

Dated: May 14, 2012
       Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge